IN THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| KEVIN BEAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:18-cv-2018-SMY-DGW |
| | § | |
| WATCO COMPANIES, L.L.C., | § | |
| | § | |
| Defendant. | § | In Admiralty under Rule 9(h) |

**FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff, KEVIN BEAM, and complains of the Defendant WATCO COMPANIES, L.L.C. (hereinafter "Defendant" or "Watco"), and will respectfully show the Court the following:

**I.**

**JURISDICTION**

1. This Court has jurisdiction under the Savings to Suitors clause as Plaintiff is a seaman under the Jones Act (46 U.S.C. § 688). Plaintiff brings claims under the Jones Act, general maritime law, and common law. Specifically, Plaintiff invokes the Court's admiralty jurisdiction and brings his claims under Federal Rule 9(h).

**II.**

**VENUE**

2. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d) because: (1) Watco is the only defendant in this case; (2) Illinois has multiple districts; (3) Watco as a corporate entity is subject to personal jurisdiction in this district. Specifically, Watco maintains a large facility and terminal in St. Clair County, Illinois.

3.      Additionally, Plaintiff is a resident of Randolph County, Illinois.

## III.

### PARTIES

4.      Plaintiff Kevin Beam is a resident of Illinois and a Jones Act seaman.

5.      Defendant Watco Companies L.L.C. is a Delaware limited liability company with its headquarters in Pittsburg, Kansas. Watco does a substantial amount of business in the State of Illinois. Watco may be served with process through its registered agent, Illinois Corporation Services C, 801 Adlai Stevenson Drive, Springfield, IL 62703.

## IV.

### FACTS

6.      On or about November 12, 2017, Plaintiff was working as a deckhand for Watco as a Jones Act seaman.

7.      Plaintiff was assigned to work on Watco's tow boat called the *IDLE L*, which was used to assist in navigating barges to and from the docks for loading and unloading. Plaintiff spent the vast majority of his time (far more than 30%) on the *IDLE L*, contributing to and aiding the vessel in its mission. On the date of the incident, Plaintiff was assisting in loading coal into barges at a Watco terminal on the Mississippi, River.

8.      The process of loading coal into the barges required that the *IDLE L* be used to keep a row of barges pushed up against the river side of Watco's floating dock, which was located roughly 150 feet from shore. These barges were then connected with a "centerline." A "mule" was then attached at one end of the barges, with a 1.5-inch steel cable running through a pulley system that connected the mule to the floating dock. The cable and pulley system allowed the workers to push or pull the row of connected barges during the loading process.

9. At the time of his injury, Plaintiff was standing on the edge of Watco's floating dock when the cable connecting the dock to the mule snapped. The steel cable flew through the air and struck Plaintiff in the back, causing severe injuries to Plaintiff's back, shoulder, ribs, wrist, and other parts of his body.

10. Upon information and belief, the cable in question was overdue for inspection and replacement in accordance with Watco's policies.

11. Plaintiff was rushed to the emergency room in an ambulance where X-rays of his shoulder and elbow were performed. Plaintiff later underwent and MRI which revealed substantial damage to his spine. Due to the severity of his injuries, Plaintiff was placed in a back brace to prevent further injuries. At the current time, Plaintiff has undergone surgical procedures on his back and shoulder. Plaintiff's medical treatment is significant and ongoing.

## V.

### CAUSES OF ACTION

*A.* **Negligence and Gross Negligence**

12. Plaintiff hereby incorporates by reference the facts and allegations set forth in paragraphs 1-11 of this Complaint.

13. At all times relevant, Watco owed a legal duty to Plaintiff to use ordinary care to provide Plaintiff with a reasonably safe place to perform his work.

14. As Plaintiff's Jones Act employer, Watco owed Plaintiff a non-delegable duty to provide a safe working environment.

15. At all times relevant, Watco owed a legal duty to Plaintiff to use ordinary care to provide Plaintiff with reasonably safe and suitable tools, machinery, and equipment with which to do his work.

16. Watco breached the aforesaid duties and was negligent and grossly negligent for the following reasons:

    a. Failing to maintain, inspect, and/or repair the vessel and dock's equipment (including but not limited to the cable and pulley system in question);

    b. Failing to maintain and/or provide a safe work environment;

    c. Violating their own safety rules, policies, and regulations;

    d. Failing to maintain safe mechanisms for work on the barges and floating dock;

    e. Failing to warn Plaintiff of dangers hidden on the barges and floating dock;

    f. Failing to institute reasonable safety policies and procedures;

    g. Vicarious liability for its employees' negligence and gross negligence; and

    h. Other acts deemed negligent and grossly negligent.

17. As a direct and proximate result of one or more of said breaches of duty, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonably likelihood, Plaintiff' physical pain, physical impairment, and mental anguish will continue indefinitely. Plaintiff has also suffered loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries. Further, as a seaman, Plaintiff is entitled to maintenance and cure, which Watco has failed to pay. Plaintiff seeks punitive damages against Watco for arbitrarily and improperly denying maintenance and cure.

18. Plaintiff is also entitled to punitive damages against Watco because the cable and pulley system had failed in the past putting Watco on actual notice of the serious dangers and hazards related to failing to maintain the cable and pulley system in question. Despite having actual knowledge of the dangers associated with failing to maintain the cable and pulley system (due to

the previous incidents) Watco continued its failure to maintain the cable and pulley system with reckless and conscious indifference to the severe level of risk Plaintiff and the other crewmembers were exposed to.

19. Plaintiff respectfully requests judgment in his favor for all damages recoverable by law that he has experienced as a result of Watco's aforementioned negligence and gross negligence.

### B. Unseaworthiness

20. Plaintiff hereby incorporates by reference the facts and allegations set forth in paragraphs 1-11 of this Complaint.

21. At all times relevant, Watco owed an absolute, non-delegable legal duty to Plaintiff to furnish Plaintiff with a seaworthy vessel whose machinery and equipment was reasonably adequate in design, maintenance, and character to perform their intended functions.

22. Watco breached the aforesaid duty and were negligent and grossly negligent for the following reasons:

   a. Failing to maintain, inspect, and/or repair the vessel's equipment;

   b. Failing to maintain and/or provide a safe work environment;

   c. Failing to provide a safe cable and pulley system;

   d. Failing to exercise reasonable and prudent care in the coal loading operations occurring on the date of the incident;

   e. Failing to provide adequate training to its employees;

   f. Violating its own safety rules, policies, and regulations;

   g. Failing to warn Plaintiff of dangers hidden on the barges and floating dock;

   h. Operating the cable and pulley system on the barges and floating dock in an unsafe and improper manner;

      i. Failing to institute reasonable safety policies and procedures;

      j. Vicarious liability for its employees' negligence and gross negligence; and

      k. Other acts deemed negligent and grossly negligent.

23. As a direct and proximate result of one or more of said breaches of duty, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonably likelihood, Plaintiff' physical pain, physical impairment, and mental anguish will continue indefinitely. Plaintiff has also suffered loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

24. Plaintiff respectfully requests judgment in his favor for all damages recoverable by law that he has experienced as a result of the unseaworthiness of Watco's vessels and equipment involved in this case.

### C. **Maintenance and Cure**

25. Plaintiff hereby incorporates by reference the facts and allegations set forth in paragraphs 1-11 of this Complaint.

26. Plaintiff is a Jones Act seaman.

27. Watco is Plaintiff's Jones Act employer.

28. At all times relevant, Watco owed a legal duty to Plaintiff to provide Plaintiff with maintenance and cure following his injuries on November 12, 2017.

29. Watco breached the aforesaid duty and was negligent and grossly negligent for failing to provide maintenance and cure to Plaintiff as provided by law.

30. Plaintiff seeks both maintenance and cure from Watco.

31. Further, Watco's failure to provide maintenance and cure to Plaintiff was arbitrary and willful. Thus, Plaintiff is entitled to punitive damages for Watco's failure to provide Plaintiff with maintenance and cure.

## VI.

### JURY TRIAL

32. Plaintiff hereby requests a trial by jury on all claims and submits his jury fee herewith.

## VII.

### PRAYER

Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring Defendant to appear and answer, and that upon final hearing, Plaintiff has judgment against Defendant.

Respectfully submitted,

MEYERS & FLOWRS, LLC

*/s/ Peter J. Flowers*
Peter J. Flowers

Peter J. Flowers, Esq. #6210847
pjf@meyers-flowers.com
Jonathan P. Mincieli, Esq. #6274091
jpm@meyers-flowers.com
MEYERS & FLOWERS, LLC
3 North Second Street - Suite 300
St. Charles, Illinois 60174
(630) 232-6333 (phone)
(630) 845-8982 (fax)

ARNOLD & ITKIN LLP
Kurt Arnold
Texas State Bar No. 24036150
(To be admitted Pro Hac Vice)
karnold@arnolditkin.com
Micajah "Caj" Boatright
Texas State Bar No. 24036237
(To be admitted Pro Hac Vice)
cboatright@arnolditkin.com
Roland T. Christensen
(To be admitted Pro Hac Vice)
SBN: 24101222
rchristensen@arnolditkin.com
6009 Memorial Drive
Houston, Texas  77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**