# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN BEAM, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18-CV-2018-SMY |
| WATCO TRANSLOADING, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are Defendant Watco Transloading, LLC's ("Watco") Motion to Dismiss (Doc. 26) and Motion for Leave to File Supplemental Authority (Doc. 42). For the following reasons, the Motion to Dismiss is **GRANTED in part and DENIED in part** and the Motion for Leave to File Supplemental Authority is **GRANTED**.

### Background

According to the Second Amended Complaint (Doc. 23), Plaintiff Kevin Beam was employed by Watco as a deckhand and assigned to the tow boat IDLE L which operated on the Mississippi River. On November 17, 2017, the IDLE L was being used to push a row of barges against Watco's floating dock while coal was being loaded onto the barges. The barges were joined with a steel cable and pulley system that allowed workers to manipulate the barges during the loading process. Beam was loading coal onto the barges and standing on the edge of the dock when the cable came loose and struck him in the back. He suffered severe injuries resulting in multiple surgeries and significant pain and suffering.

Beam asserts claims for Jones Act negligence, unseaworthiness, and maintenance and cure (Doc. 23). In addition to compensatory damages, he seeks punitive damages for the alleged failure

to provide maintenance and cure. Watco seeks dismissal of Beam's claim for punitive damages, his unseaworthiness claim, and the allegations in ¶¶ 16(h) and 22(k) (seeking damages for "other acts deemed negligent and grossly negligent") (Doc. 26). Beam filed a Response (Doc. 35) to which Watco replied (Doc. 38). Watco also seeks leave to file as supplemental authority, *The Dutra Group v. Batterton*, 139 S.Ct. 2275 (June 24, 2019) (Doc. 42), which the Court finds relevant to this matter.

## Discussion

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations in the Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). This requirement is satisfied if the Complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

Watco first argues that Beam is not entitled to punitive damages under the Jones Act or for maintenance and cure. The Jones Act permits recovery for injuries sustained as a result of negligence and incorporates the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, *et seq*. Damages under the Jones Act are limited to "pecuniary loss" which does not include punitive

damages. *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990). Similarly, punitive damages are not available for claims of unseaworthiness. *The Dutra Group*, 139 S.Ct. at 2278. However, punitive damages are allowed for claims of maintenance and cure. *Atlantic Sounding Co. v. Townsend*, 557 U.S. 404, 407 (2009). Therefore, Beam may seek punitive damages only in relation to his maintenance and cure claim.

Watco next argues that Beam fails to state a claim of unseaworthiness because he alleges he was injured on a floating dock and not on his vessel, the IDLE L. Beam has sufficiently alleged an unseaworthiness claim at this juncture. Watco's argument that the dock on which Beam was standing is not a vessel as defined by the Supreme Court in *Lozman v. City of Riviera Beach, Fla.*, 568 U.S. 115 (2013), and that he therefore cannot maintain an unseaworthiness claim is best made at summary judgment after the development of a full factual record. *See e.g. Victory Carriers, Inc. v. Law*, 404 U.S. 202 (1971); *Scott v. Trump Indian, Inc.*, 337 F.3d 939 (7th Cir. 2003).

As the Supreme Court has recognized, maritime law and state negligence laws "do overlap and interpenetrate in some situations, and the amphibious nature of the longshoreman's occupation creates frequent taxonomic problems." *Victory Carriers*, 404 U.S. at 213. In that vein, whether the cable and pulley system are an appurtenance of the vessel or operated by the vessel's crew are open questions that cannot be resolved on a motion to dismiss. *See Gutierrez v. Waterman S. S. Corp.*, 373 U.S. 206 (1963). This conclusion is warranted even if a floating dock is not considered a vessel or appurtenance of a boat. *See MLC Fishing, Inc. v. Velez*, 667 F.3d 140, 142 (2nd Cir. 2011) ("floating docks are considered extensions of land for purposes of determining whether an incident occurred on or over navigable waters").

Finally, Watco argues that paragraphs 16(h) and 22(k) of the Second Amended Complaint fail to satisfy Rule 8(a)(2)'s pleading standard. Watco's argument presupposes that these

paragraphs should be considered in isolation. In the context of the entire pleading however, they are neither vague nor insufficient.

## Conclusion

For the foregoing reasons, Watco's Motion to Dismiss (Doc. 26) is **GRANTED in part and DENIED in part** and Watco's Motion for Leave to File Supplemental Authority (Doc. 42) is **GRANTED**. Plaintiff's request for punitive damages in relation to his Jones Act and unseaworthiness claims are **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

**DATED: January 24, 2020**

**STACI M. YANDLE
United States District Judge**