IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEVIN BEAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-CV-2018-SMY |
| | ) | |
| WATCO TRANSLOADING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kevin Beam was injured on November 12, 2017 when a metal cable struck him while he was assisting in unloading coal barges on a floating dock at the Cora Illinois Terminal owned by Defendant Watco Transloading, LLC ("Watco").  At the time, Beam was employed by Watco as a deckhand and assigned to the tow boat *m/v IDA L* which was also involved in the unloading process.

In a Second Amended Complaint, Beam alleges maritime claims of Jones Act negligence, 46 U.S.C. § 30104, unseaworthiness, and maintenance and cure.  Now pending before the Court are Beam's Motion for Partial Summary Judgment (Doc. 57) and Watco's Motion for Partial Summary Judgment (Doc. 62).  Both parties have responded to the Motions (Docs. 69 and 70).[1] For the following reasons, both motions are **GRANTED**.

### Background

The following material facts are undisputed: On November 12, 2017, Beam was working on a stationary dock aiding the loading of coal onto barges at Watco's Cora Terminal on the

---

[1] Beam filed a reply brief (Doc. 71) without first seeking leave as required by the undersigned's Case Management Procedures.  Therefore, the reply brief is **STRICKEN**.

Mississippi River.  During the process of unloading, a metal cable came loose and struck Beam on the neck and back causing injury.  After the accident, Beam underwent extensive medical procedures and treatment on his back, neck, and shoulders, including thoracic kyphoplasty, arthroscopic rotator cuff repair, medial branch ablation, and rhizotomy, and expects to undergo additional procedures in the future.  Beam has not reached maximum medical improvement.

Watco has paid for some, but not all of the medical care that Beam received after the accident.[2]  From November 21, 2017 to March 28, 2018, Watco paid $107.18/day (or $1,500.52 every two weeks) in maintenance payments to Beam, believing he was entitled to the benefits of a longshoreman.  Beginning on November 14, 2019, Watco began paying Beam a lesser amount, $35.00/day (or $245.00 every two weeks), based on its belief that Beam was entitled to the benefits of a seaman.[3]  Beam's living expenses have totaled $1,230.14/month since the date of the accident (Doc. 70-11, p. 2).  Beam has not "expressed any complaints concerning the inadequacy or lack of maintenance and cure payments" (Doc. 62, ¶ 14) (except, of course, by filing this lawsuit and seeking damages).

## **Standard**

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  The moving party is entitled to summary judgment where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  *Celotex,* 477 U.S. at 323.  If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted.  *Anderson v. Liberty Lobby, Inc.,*

---

[2] Beam states that he has incurred over $940,000.00 in medical bills, that Watco has paid $252,629.68 of those bills, and that he still owes $589,237.79.
[3] Watco asserts that it ceased making payments March 28, 2018 to November 14, 2019 to make up for the overpayment from November 21, 2017 to March 28, 2018.

477 U.S. 242, 249–50 (1986).  Any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party.  *Lawrence v. Kenosha County,* 391 F.3d 837, 841 (7th Cir. 2004).

## Discussion

### Beam's Motion for Partial Summary Judgment (Doc. 57)

Beam seeks partial summary judgment as to liability on his Jones Act negligence claim. To succeed on a Jones Act claim, a plaintiff must prove four elements: (1) that the plaintiff is a seaman under the Act; (2) that the plaintiff suffered the injury in the course of his employment; (3) that the plaintiff's employer was negligent; and (4) that the employer's negligence caused plaintiff's injury, at least in part. *McKinney v. Am. River Transp. Co.*, 954 F. Supp. 2d 799, 805 (S.D. Ill. 2013) (*citing Holloway v. Pagan River Seafood, Inc.*, 669 F.3d 448, 451 (4th Cir. 2012); *Martin v. Harris*, 560 F.3d 210, 216 (4th Cir. 2009)). While the first three elements are subject to the normal standards of proof for tort claims, a claimant's burden to prove causation is "very light," requiring only that he or she establish "that the employer's acts or omissions played some part, no matter how small, in producing the employee's injury." *Cella v. United States*, 998 F.2d 418, 428 (7th Cir. 1993) (citations omitted).

In its Answer, Watco acknowledges that Beam is a "seaman" for purposes of the Jones Act and admits "negligence and liability to the Plaintiff under the Jones Act" (Doc. 54 ¶¶ 6, 13).  Watco also admits that Plaintiff was "contacted by the barge haul cable" on November 12, 2017 and that he had "pain in his wrist, right arm, right shoulder, and fractured rib" after the contact (Doc. 54, ¶ 17).  As such, while Watco admits that it is liable to Beam (as a seaman) for certain injuries that it claims have "reached maximum medical improvement," it does not admit that all of Beam's

alleged injuries or medical conditions were caused by its negligence or that it is liable for all of his alleged damages.

Given Watco's admissions, the extensive factual statements and arguments raised in Beam's Motion make little sense. Judicial admissions "are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. They may not be controverted at trial or on appeal." *Keller v. United States*, 58 F.3d 1194, 1199 n.8 (7th Cir. 1995). And, judicial admissions can support a motion for summary judgment. *See Crest Hill Land Development, LLC v. City of Joliet*, 396 F.3d 801, 805 (7th Cir. 2005) ("noting that judicial admissions have "the effect to withdrawing" a question of fact from contention on summary judgment). Therefore, because Beam is not seeking summary judgment on damages, any fact related to damages contained in his motion is immaterial and disputes as to those facts need not be determined on this motion. Moreover, facts and argument relevant to Watco's negligence and liability are of no consequence in light of Watco's admissions.

Accordingly, Beam's Motion for Partial Summary Judgment is **GRANTED**. Liability having been established, the issues of causation and damages relative to Beam's Jones Act claim will be resolved at trial. *See e.g. Webb v. Teco Barge Line, Inc.*, 2012 WL 780851 (S.D. Ill. 2012).

### Watco's Motion for Partial Summary Judgment (Doc. 62)

Watco seeks summary judgment on Beam's unseaworthiness claim and partial summary judgment on the request for punitive damages for his maintenance and cure claim. Beam does not oppose summary judgment as to unseaworthiness. Accordingly, judgment is granted in favor of Watco as to that claim.

Watco argues that Beam is not entitled to punitive damages for maintenance and cure because there is no evidence of willful and wanton conduct. General admiralty law entitles an

injured seaman to maintenance (shelter until he recovers) and cure (treatment), plus lost wages—all irrespective of any negligence on his part. *Deering v. National Maintenance & Repair, Inc.*, 627 F.3d 1039, 1041 (7th Cir. 2010). "Maintenance" is "the payment by a shipowner to a seaman for the seaman's food or lodging expenses incurred while he is ashore as a result of illness or accident." *Barnes v. Andover Co.*, 900 F.2d 630, 631 (3d Cir. 1990). "Cure" is "the right to necessary medical services." *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496, 1499 (5th Cir. 1995) (en banc). Liability for maintenance and cure "extends during the period when [the seaman] is incapacitated until he reaches the maximum medical recovery." *Vaughan v. Atkinson*, 369 U.S. 527, 531 (1962). Ambiguities or doubts are resolved in favor of the seaman on maintenance and cure issues. *Id*. at 532 (*citing Warren v. United States*, 340 U.S. 523 (1951)).

A seaman may be entitled to punitive damages for the "willful and wanton disregard of the maintenance and cure obligation. . . ." *Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 424 (2009). An award of punitive damages requires some showing of bad faith or "willful and callous default in [the owner's] duty of investigating claims and providing maintenance and cure. *Harper v. Zapata Off-Shore Co.*, 741 F.2d 87, 90 (5th Cir. 1984) ("We think that shipowners who pay a grossly inadequate amount of maintenance in callous disregard of the seaman's rights should not be shielded from punitive damages. Therefore, we must distinguish between payment of a grossly inadequate maintenance sum and good faith payment of a maintenance rate that at trial may turn out to have been inadequate to cover the costs of food and lodging."). Watco argues that it is paying maintenance at a reasonable rate and that it is not required to pay medical expenses that it disputes in good faith.

Watco is not seeking summary judgment as to the amount of money it may ultimately owe Beam, only as to whether it has behaved in a willful and wanton manner such that punitive damages

may be pursued.  The fact that Watco may not have paid all of Beam's claimed medical expenses or that it currently does not appear to pay enough to cover Beam's living expenses is not proof of bad faith in-and-of-itself.  Beam has presented no evidence that Watco is acting in a willful and wanton manner.  Instead he simply argues that Watco is obligated to pay maintenance and cure – a fact that Watco concedes.  Nevertheless, Beam argues that summary judgment should be denied because he requires additional discovery, namely a Rule 30(b)(6) deposition of Watco's corporate representative.  He asserts that he intends to depose the representative on topics directly related to Watco's assessment of his medical bills, its calculation of maintenance, and its knowledge of his actual living expenses, all of which are relevant to the issue of whether Watco acted in bad faith.

Pursuant to Rule 56(d), the Court may defer or deny judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  Rule 56(d) motions may be granted, and judgment deferred, when a motion for summary judgment is filed well prior to the discovery deadline.  *Smith v. OSF HealthCare System*, 933 F.3d 859, 865-866 (7th Cir. 2019).  However, A Rule 56(d) motion should be denied if the moving party failed to diligently pursue discovery prior to the summary judgment motion or allowing the requested discovery would be futile.  *Id.*

Beam filed suit on October 25, 2018 and the discovery deadline was initially set for March 6, 2020 and later extended to September 18, 2020.[4]  Watco's Motion for Summary Judgment was filed on April 3, 2020, prior to the discovery deadline, as was Beam's response (filed on May 7, 2020).  Beam timely sought to depose Watco's corporate representative and limitations on that deposition were the subject of a Motion for Protective Order filed by Watco on June 18, 2020 (Doc. 74) and granted in part and denied in part on July 7, 2020 (Doc. 84).  The record does not

---

[4] The parties Amended Joint Report of Parties set Defendant's deposition deadline for June 19, 2020.

reflect whether the corporate representative deposition took place.  However, the deadline for taking such a deposition has elapsed and Beam has not supplemented his response to the motion for summary judgment.  The Court assumes that if the deposition gleaned information relevant to Watco's motion, Beam would have sought to supplement his response as permitted by Local Rule 7.1(c).  Again, he has not done so.  Consequently, there is no evidence to support punitive damages on Beam's maintenance and cure claim and Watco is entitled to summary judgment on that point.

<u>**Conclusion**</u>

For the foregoing reasons, Beam's Motion for Partial Summary Judgment (Doc. 57) is **GRANTED** and Watco's Motion for Partial Summary Judgment (Doc. 62) is **GRANTED**.  The Clerk of Court is **DIRECTED** to enter judgment accordingly at the conclusion of the case.

**IT IS SO ORDERED.**

**DATED:  December 16, 2020**

**STACI M. YANDLE**
**United States District Judge**