IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN BEAM, )
 )
   Plaintiff(s), )
 )
v. ) Case No. 3:18-cv-02018-SMY
 )
WATCO TRANSLOADING, LLC, )
 )
   Defendant(s). )

# FINAL PRETRIAL ORDER

**YANDLE, District Judge:**

  **I.**  **COUNSEL OF RECORD**

    **Attorney(s) for Plaintiff(s):**

| | |
|---|---|
| Mr. Kurt Arnold | Mr. Peter J. Flowers |
| Mr. Micajah "Caj" Boatright | Mr. Jonathan P. Mincieli |
| Mr. Roland T. Christensen | Meyers & Flowers, LLC |
| Ms. Samantha Demuren | 3 North Second Street |
| Arnold & Itkin, LLP | Suite 300 |
| 6009 Memorial Drive | St. Charles, IL 60174 |
| Houston, TX 77007 | 630-232-6333 |
| 713-222-3800 | pjf@meyers-flowers.com |
| karnold@arnolditkin.com | jpm@meyers-flowers.com |
| cboatright@arnolditkin.com | |
| rchristensen@arnolditkin.com | |
| sdemuren@arnolditkin.com | |

    **Attorney(s) for Defendant(s):**

Ronald E. Fox, #06181968
Stanislav Levchinsky, #6326494
Fox Smith, LLC
One South Memorial Drive, 12th Floor
St. Louis, MO 63102
314-588-7000
rfox@foxsmithlaw.com

slevchinsky@foxsmithlaw.com

## II. NATURE OF THE CASE

Plaintiff Kevin Beam filed this personal injury case after he was in an incident on November 12, 2017 while working as a deckhand for Defendant Watco Transloading, LLC. Watco has admitted fault and causation for only specific injuries but challenges Plaintiff's claims for damages.

## III. SUBJECT MATTER JURISDICTION

This is a Jones Act case (46 U.S.C. §30104) filed by plaintiff pursuant to Rule 9(h). The Court has original jurisdiction to try this case without a jury pursuant to 28 U.S.C. §1333.

## IV. STIPULATED FACTS

On November 12, 2017, plaintiff Kevin Beam was employed by defendant Watco Transloading, LLC ("Watco") as a deckhand, and plaintiff was a seaman under the Jones Act and General Maritime Law.

At approximately 5:50 a.m. on November 12, 2017, plaintiff was standing on the lower end of Watco's coal loading dock at Cora, Illinois. A 200' long hopper barge was nearly loaded with coal.

At Cora's facility, barges are loaded with coal by moving the barge underneath the end of a fixed coal conveyor belt. The conveyor belt carries the coal to the river and dumps the coal into the barge's cargo box. Barges are loaded with a specific amount of coal so the barge is at a specific depth in the water known as the "draft."

Mr. Beam was at the lower end of the coal dock looking at the draft of the lower end of the barge, which was part of his job duties.

The barges are moved under the coal conveyor through the use of winches and a barge haul cable. The barge haul cable is comprised of three connected cables.

On November 12, 2017, the center section cable broke which caused the upper cell wire to become slack and drop down.

Mr. Beam was contacted by the upper cell wire as he was standing on the dock. The plaintiff and defendant do not agree where Mr. Beam's body was contacted by the wire or the severity of impact.

Defendant admits fault. Defendant admits Mr. Beam was contacted by the barge haul cable and had pain in his right wrist, right arm, right shoulder, and a fractured rib.

Mr. Beam was originally provided temporary total disability payment totaling $13,827.14 pursuant to the Longshore Act. Once he was properly classified as a Jones Act seaman, he has been paid $35 per day in maintenance, and maintenance continues to be paid to plaintiff currently.

## V.   ISSUES

1. Issues of law/fact for the Court to decide:

Plaintiff believes these are the relevant issues for the Court to decide:
   A. Medical causation for the injuries Plaintiff has claimed.
   B. The amount, if any of damages, to award to Plaintiff.
   C. Whether Plaintiff has reached maximum medical improvement.
   D. Whether Plaintiff is entitled to maintenance and cure and the appropriate amount for each.

Defendant believes these are the relevant issues for the Court to decide:

   A. Where and how plaintiff was contacted by the cable.

   B. Beyond those admitted by defendant, what, if any, injuries claimed by plaintiff were medically caused by the accident.

   C. If the Court finds that any part of plaintiff's disputed medical conditions and treatments are medically related to the incident then what, if any, portion of each is also due to a pre-existing medical condition or injury?

   D. As to all medical conditions which the Court finds medically related, what is the proper medical treatment and what is the fair and reasonable charge for said treatment? The nature and extent of treatment and the reasonableness of the amounts billed by plaintiff's doctors is disputed.

   E. Has plaintiff reached maximum medical improvement?

   F. Is plaintiff entitled to maintenance now and, if so, is $35/day proper maintenance under the General Maritime Law?

   G. What are plaintiff's damages?

   H. What, if any, percentage reduction in plaintiff's damages are appropriate for the contribution of plaintiff's pre-existing conditions to his present medical condition.

2. Issues for the Jury to decide: Bench trial/no jury.

**VI.   WITNESSES**

**NOTE: Identification of witnesses in this Final Pretrial Order does not relieve the parties of their obligation to timely file pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3). The parties should simply list below the witnesses that have been disclosed pursuant to Rule 26(a)(3) whom they intend to call at trial. Every party to the action should include a list of witnesses in the form set forth below. Any witness not properly disclosed will not be allowed to testify.**

Expert witnesses:
- Todd Cowen, M.D. (retained)
- Kenneth G. McCoin, Ph.D., CFA (retained)
- Andrea Bradford, M.Ed, CRC (retained)
- Michael Carney (retained)*
- Rubin Bashir, M.D. (non-retained treating doctor)
- Lynanne Foster, M.D. (non-retained treating doctor)
- Henry N Small, M.D. (non-retained treating doctor)

Non-expert witnesses:
- Kevin Beam
- Hellen Rinehart

Plaintiff may call the following additional witnesses:
- Don Cheatham
- John Korando
- John Wingerter
- Mark Williams
- Nathan Tobey
- Marcus Kuhlman
- Jodi Buskohl, D.C.
- Jamie Hess, PA
- Brett Prywitch, M.D.
- Karen Splane
- James Kreig M.D.
- Robert Schremp, PT
- Cynthia Grigalonis, DN
- Swastik Sinha, M.D.
- Dr. Victoria Do
- Israel Martinez, FNP
- Ravi Kalidindi, M.D

Page **4** of **9**

- Sardina Alexander, M.D.
- Rajiv Thakur, M.D.
- Mathur Chand, M.D.
- Amesur Sandeep, M.D.
- Girish Gidwani, M.D.
- Rohan Shah, M.D.
- Steven Lo, M.D.
- Dr. Robert Hong
- Dr. Thomas Gleason
- Dr. Sara Goel
- Rachel Menges* (witness withdrawn at FPTC)
- Irvin Tantuco* (witness withdrawn at FPTC)
- Dr. Ronald Killam
- Dr. Charles Popeney* (witness withdrawn at FPTC)
- Dr. George Camille* (witness withdrawn at FPTC)

*Note:  Defendant objects to many of plaintiff's witnesses as not timely or properly disclosed.

Defendant intends to call the following witnesses:

Expert witnesses:   David Robson, M.D.
John Mattingly, M.D.
Martin Boyer, M.D.
Rebecca A. Reier BS RN, CRNA (Ret.), CCS-P.
Rik van Hemmen
Frank J. Reedy, CPA/ABV, CVA
James Krieg, M.D. (by deposition)
Jodi B. Buskohl, DC (by deposition)
Jamie Hess, PA-C (by deposition)
Karen Splane, RN (by deposition)
Brett Prywitch, M.D. (by deposition)

Non-expert witnesses: Officer James Winters (by deposition)
Donald Cheatham
John Wingerter (by deposition)
Victoria Do (be deposition)
Gary Dudenbostel
Jamie Wilson
John Korando
Christopher Spear
Swastik K. Sinha, M.D. (by deposition)
Mark Williams
Robert Panico, M.D.

          Abiodum Sangoseni, M.D.
          John Turk, M.D.
          Nathan Tobey
          Marcus Kuhlman

**VII.**  **EXHIBITS**

Plaintiff filed his preliminary exhibit list on November 8, 2021.

Defendant filed its 26(a)(3) disclosure of witnesses and exhibits on 11/6/2021 (30 days prior to trial).

The parties have agreed to exchange exhibits on November 15, 2021.

Defendant is willing to stipulate to the authenticity of all medical records, Watco documents, and government documents. Watco reserves all other objections.

**NOTE:** The parties shall identify the exhibits they intend to use at trial in the disclosures timely made pursuant to Federal Rule of Civil Procedure 26(a)(3). When possible, objections filed pursuant to Rule 26(a)(3) will be resolved at the Final Pretrial Conference. The parties shall bring their Rule 26(a)(3) disclosures and any objections to the Final Pretrial Conference.

In addition to the provisions of Rule 26, the parties shall **jointly** prepare an Exhibit List stating the number and brief description of each exhibit they expect to present at trial. The Exhibit List must be submitted by email to Judge Yandle's proposed document in-box at: SMYpd@ilsd.uscourts.gov at least 2 **business days** before the first day of trial using Judge Yandle's approved form. A copy of that blank form can be found by accessing Judge Yandle's Case Management Procedures. The parties may also request the template by contacting Judge Yandle's Courtroom Deputy, Stacie Hurst, at (618) 439-7744 or by email at Stacie_Hurst@ilsd.uscourts.gov. Detailed instructions for completing the Exhibit List are explained in Judge Yandle's Case Management Procedures available on the Court's website, www.ilsd.uscourts.gov.

**VIII.**  **DAMAGES – As Claimed by Plaintiff**

Past Medical Expenses:

| Provider Name | Bill From | Bill To | Amt. Billed |
|---|---|---|---|
| AD Hospital East | 03/06/18 | 02/24/21 | $ 1,086,990.45 |
| Advanced Diagnostic Healthcare | 03/06/18 | 08/18/21 | $ 33,410.60 |
| Advanced Medical Group | 03/06/18 | 01/22/20 | $ 25,422.97 |
| Advanced Surgeons & Physicians | 01/22/20 | 09/14/21 | $ 107,206.42 |
| Apex Network Physical Therapy | 07/17/18 | 08/13/20 | $ 15,219.00 |
| Best Choice Anesthesia | 02/19/20 | 02/19/21 | $ 14,045.00 |
| Dr. Charles Popeney | 06/10/21 | | $ 1,500.00 |
| Dr. Henry Small/Care Capital | 11/29/20 | 08/24/21 | $ 7,875.00 |
| Dr. James Kreig | 11/14/17 | 03/28/18 | $ 998.00 |
| Dugan Radiology Associates | 11/12/17 | 01/08/18 | $ 808.00 |
| East Houston Physicians Group | 03/16/20 | 02/19/21 | $ 6,930.00 |
| Gazelle Healthcare Solutions | 08/18/21 | | $ 1,876.91 |
| Illinois Bone & Joint Institute | 07/12/18 | | $ 377.00 |
| Jackson County Ambulance Service | 11/12/17 | | $ 977.40 |
| Republic Pain & Anesthesia Associates | 03/15/18 | 01/22/19 | $ 30,137.10 |
| River Oaks Hospital & Clinics | 01/22/20 | 06/24/21 | $ 216,034.43 |
| Texas Orthopedic & Sport | 06/22/21 | | $ 2,000.00 |
| Ultimate Pain Solutions | 06/12/21 | 07/09/21 | $ 4,600.00 |
| Walmart Pharmacy | 11/12/17 | 03/27/18 | $ 556.08 |
| Total | | | $ 1,556,964.36 |

Future Medical Expenses: $789,531.26

Lost wages: $705,225.00

Plaintiff also seeks damages for past pain and suffering, future pain and suffering, past mental anguish, future mental anguish, past disfigurement, and future disfigurement in amounts to be decided by the Court.

Plaintiff also seeks and award of maintenance and cure.

Defendant believes all fair, reasonable, and related medical bills have been paid. Further, defendant contends plaintiff is at maximum medical recovery for all conditions related to the incident.

IX.   **BIFURCATED TRIAL**

Not requested.

X.   **TRIAL BRIEFS**

Defendant intends to timely file a trial brief. Plaintiff does not believe there are relevant issues to file a trial brief on because this is a bench trial.

XI.   **MOTIONS *IN LIMINE***

Defendant has 6 motions in limine pending and plaintiff has contested all of them.

Plaintiff has responded to Defendant's motion in limine. Plaintiff has not filed a motion in limine because this is a bench trial. (At the FPTC the Court took up the Motion in Limine (Doc. 149). The Court DENIED Defendant's Motion in Limine number 1-6.)

XII. **JURY INSTRUCTIONS**

N/A

XIII. **LIMITATIONS, RESERVATIONS AND OTHER MATTERS**

A. **Trial Date.** Trial is set for December 6, 2021.

B. **Length of Trial**. The probable length of trial is 10 days (defendant will need 3 to 4.5 days to offer defendant's evidence in chief). The case will be listed on the trial calendar to be tried when reached. Plaintiff believes the case can be tried in closer to 7 trial days. (At the FPTC, after consulting with counsel, Judge finds the probable length of trial is one week).

**Mark Appropriate Box:** JURY.... ☐   NON-JURY.... X

This is a bench/non-jury trial.

C. **Number of Jurors.** N/A

**IT IS ORDERED** that the Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on motion of counsel or *sua sponte* by the Court.

DATED: November 18, 2021

_____
STACI M. YANDLE, DISTRICT JUDGE
UNITED STATES DISTRICT COURT

APPROVED AS TO FORM AND SUBSTANCE:


*/s/ Roland Christensen*
ATTORNEY FOR PLAINTIFF(S)


*/s/ Ron Fox*
ATTORNEY FOR DEFENDANT(S)


**NOTE:** Where a third-party defendant is joined pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, this Order may be suitably modified.

This order should be submitted as a proposed order directly to chambers (mailto:SMYpd@ilsd.uscourts.gov) with counsel's s/ signatures provided.

**IT IS SO ORDERED.**